UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMAN ISRAEL,

    Plaintiff,

v.   No: 8:20-cv-2133-02AAS

ALFA LAVAL, INC.;
ET AL.,

    Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendant Alfa Laval's Motion to Dismiss, Dkt. 9, Plaintiff Norman Israel's Complaint, Dkt. 1. Plaintiff filed a response. Dkt. 50. The Court held a hearing on October 29, 2020, during which the Court asked Plaintiff and Defendant Alfa Laval to file supplemental briefs regarding the application of Florida's long-arm statute in this case. Dkt. 165. Both parties did so. Dkts. 173, 174. With the benefit of full briefing and oral argument, the Court grants Defendant Alfa Laval's Motion to Dismiss for lack of personal jurisdiction.

### BACKGROUND

Plaintiff is a 79-year-old veteran with lung cancer. Dkt. 1-1 at 17. He claims he developed this cancer through exposure to asbestos-containing products while he

worked as a machinist's mate in the United States Navy from 1958 through 1980. *Id.* at 6. Plaintiff served on nine ships while in the Navy. *Id.* at 4–6. Only one of those ships—the *USS Pawcatuck*—was stationed in Florida while Plaintiff was on board. Dkt. 50 at 3–4.

Plaintiff brought suit against dozens of companies that he claims "used, installed, manufactured, sold and distributed" the asbestos-containing products that caused his cancer. Dkt. 1-1 at 17. One of those companies is Alfa Laval, Inc., as successor in interest to The Delaval Separator Company. *Id.* Plaintiff claims that all the defendants, including Alfa Laval, "engaged in substantial and not isolated activity in the State of Florida," and that each "is essentially at home in the forum." *Id.* at 4. He further alleges that all of the defendants have "significant revenue-producing business in Florida" and "have derived substantial revenue from intrastate and interstate commerce." *Id.*

Alfa Laval now moves to dismiss the claims against it for lack of personal jurisdiction. Dkt. 9. Alfa Laval is a New Jersey corporation with its principal place of business in Virginia. *Id.* at 2. It asserts that it does not do enough business in Florida to render it "at home" here for purposes of general jurisdiction. *Id.* Alfa Laval supports its contentions with the affidavit of Robert Maddison, the tax director of the company. Dkt. 9, Ex. A. In the affidavit, Mr. Maddison states that Alfa Laval employs 15 workers based in Florida—only 1.4 percent of its total
2

workforce—and that Alfa Laval's sales in Florida make up only 6.4 percent of its total sales annually. *Id.*

## LEGAL STANDARD

Whether a federal court has personal jurisdiction over a defendant is a question of law. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) (citing *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996)). The plaintiff bears the burden of proof to establish personal jurisdiction over a nonresident defendant. *See Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002). To the extent the "plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id.* at 1269 (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).

A court must conduct a two-step analysis when evaluating whether it has personal jurisdiction over a defendant. *See Madara*, 916 F.2d at 1514. First, the court must determine whether the plaintiff has alleged facts sufficient to establish a basis for jurisdiction under Florida's long-arm statute. *Id.* If the answer is yes, then the court must determine whether the exercise of jurisdiction satisfies the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. *Id.* "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." *Id.*

3

There are two types of personal jurisdiction: general and specific. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). At issue here is general jurisdiction.[1] Unlike specific jurisdiction, if a court has general jurisdiction over a nonresident defendant, the plaintiff's claim does not have to arise out of or relate to defendant's contacts with the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984). Under general jurisdiction, the court can hear any claim brought against that defendant in that state. *See BNSF Ry. Co. v. Tyrell,* 137 S. Ct. 1549, 1558 (2017).

## DISCUSSION

### I. The Exercise of Jurisdiction Here Satisfies Florida's Long-Arm Statute.

The parties dispute what version of Florida's long-arm statute this Court should apply. But the Florida Supreme Court's ruling in *Fibreboard Corp. v. Kerness*, 625 So. 2d 457, 458 (Fla. 1993), readily handles this issue. There, the court rejected the argument that the applicable long-arm statute is the one in effect when the plaintiff's cause of action accrued, *i.e.* when the plaintiff first suffered

---

[1] Plaintiff's Complaint pleads only general jurisdiction over Defendant Alfa Laval. Dkt. 1-1 at ¶¶ 3, 4, 5. Plaintiff raises the issue of specific jurisdiction for the first time in his response to Defendant Alfa Laval's Motion to Dismiss. Dkt. 50. As such, this argument is not properly before the Court for review. "If a plaintiff has overlooked an additional basis for the court to exercise jurisdiction, it may always seek leave to amend. It cannot, however, raise new bases for personal jurisdiction for the first time in a response to a motion to dismiss that plainly fall outside the scope of the Complaint's jurisdictional statement." *Heliocol USA, Inc. v. Berrios*, No. 09-cv-2045-Orl-31GJK, 2010 WL 11626617, at *2 (M.D. Fla. Feb. 16, 2010).

actionable harm. *Id.* Instead, courts should apply the long-arm statute in effect when the defendant's alleged injurious act occurred, *i.e.* when the defendant manufactured and/or distributed the alleged asbestos-containing product. *Id.*

Here, under *Fibreboard*, this Court must apply the long-arm statute in effect between 1945 and 1946—when Defendant Alfa Laval manufactured and/or distributed the alleged asbestos during the construction of the *USS Pawcatuck*. *See Sculptchair*, 94 F.3d at 627 (holding that federal courts are required to construe the Florida long-arm statute as would the Florida Supreme Court). However, in 1945/1946, Florida did not yet have a statute that resembled its modern-day long-arm statute. The most similar provision back then was Fla. Stat. § 47.17, which set forth the rules for serving process on foreign corporations. This statute required the in-state presence of certain officers for the foreign corporation, or in their absence, an agent conducting business for the foreign corporation in Florida. *Id.*

Defendant Alfa Laval argues § 47.17 cannot serve as a basis for personal jurisdiction in today's case because Alfa Laval would not have been subject to service of process under § 47.17 in 1945/1946. Dkt. 174 at 4. Alfa Laval says it did not register to do business in Florida until 2000, and neither Alfa Laval nor its predecessor had an office in Florida in 1945/1946. *Id.* But Alfa Laval makes one fatal assumption in its analysis. It assumes this Court must apply the company's Florida connections from 1945/1946, instead of the company's Florida connections

5

today. The Court finds no requirement that it must project this analysis back in time. In fact, the Florida Supreme Court considered a corporation's current status in Florida when applying the corporation's connections to an old version of the state's long-arm statute. *See Conley v. Boyle Drug Co.*, 570 So. 2d 275, 288 n.16 (Fla. 1990) (declining to exercise personal jurisdiction over corporation that "*is not now* and never has been qualified to transact business in the State of Florida") (emphasis added). As such, this Court will apply Alfa Laval's Florida connections today to the version of § 47.17 operative in 1945/1946.

Under this analysis, the Court holds that § 47.17 is satisfied. About 1.4 percent of Alfa Laval's employees work in Florida. Dkt. 9 at 2. These 15 employees constitute "agent[s] transacting business" for Alfa Laval within the meaning of § 47.17. Therefore, Florida's long-arm statute is satisfied.

## II. The Exercise of Jurisdiction Here Violates the Due Process Clause.

Now this Court must determine whether exercise of personal jurisdiction over Defendant Alfa Laval comports with federal due process. The U.S. Supreme Court has held that a corporation is subject to general jurisdiction only if its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *See Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (quoting *Goodyear*, 564 U.S. at 919). There are two "paradigm forums" in which a corporation is "at home" for the purposes of general jurisdiction: its place of

incorporation and its principal place of business. *See BNSF Ry. Co.*, 137 S. Ct. at 1558 (2017) (citing *Daimler*, 571 U.S. at 138). Otherwise, in "exceptional cases," general jurisdiction can extend to a forum where the corporation's operations are "so substantial and of such a nature as to render the corporation at home in that State." *Id*. (quoting *Daimler*, 571 U.S. at 139 n.19). This "calls for an appraisal of the defendant's activities in their entirety"—nationwide and worldwide. *Id.* at 1559. A corporation operating in multiple forums could "scarcely be deemed at home in all of them." *Id.*

The parties agree Alfa Laval is not incorporated in Florida and does not have its principal place of business here. That means exercise of general jurisdiction over Alfa Laval would require this to be an "exceptional case" where "the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *See Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018) (quoting *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015)). According to the Eleventh Circuit, this is a "heavy burden" to satisfy. *Id.*

Here, when comparing Alfa Laval's business dealings in Florida to its business dealings worldwide, the Plaintiff has failed to satisfy this heavy burden. Alfa Laval's sales in Florida make up only 6.4 percent of its total sales annually. Dkt. 9 at 2; *see BNSF*, 137 S. Ct. at 1559 (holding forum could not exercise general

jurisdiction when the defendant earned 10 percent of its total revenue in the forum state). Only 1.4 percent of Alfa Laval's employees work in Florida. Dkt. 9 at 2; *see BNSF*, 137 S. Ct. at 1559 (holding forum could not exercise general jurisdiction over a company that had 5 percent of its workforce in the forum state). Although Alfa Laval had an office in Sarasota when Plaintiff initiated this lawsuit, this is only one of sixty Alfa Laval offices worldwide. Dkt. 173 at 4; *see* Alfa Laval Headquarters and Office Locations, https://craft.co/alfa-laval/locations (last visited Dec. 14, 2020). Finally, even though Alfa Laval is registered to do business in Florida, courts have held this is not sufficient to establish general jurisdiction. *See Hinkle v. Cont'l Motors, Inc.*, 268 F. Supp. 3d 1312, 1327 (M.D. Fla. 2017); *see also Bryant v. Hasbro*, No. 18-cv-1336-T-36CPT, 2019 WL 2211053, at *3 (M.D. Fla. May 22, 2019). As such, these allegations do not demonstrate that this is an exceptional case where Alfa Laval is essentially at home in a state where it is not incorporated and does not have its principal place of business. Because Plaintiff has not made a *prima facie* showing that personal jurisdiction exists over Defendant Alfa Laval, this Court must dismiss Alfa Laval from the case.

As a final point, although not entirely relevant to the issue at hand, I would like to state that Plaintiff is not a Florida resident or domiciliary, but instead a resident of Washington State. Dkt. 1-1 at 3. Plaintiff has no relevant connection to Florida beyond the brief time he spent on the *USS Pawcatuck* while it was docked

at the Mayport Naval Station in Jacksonville, Florida from 1966 to 1968. Dkt. 50 at 3–4.

## CONCLUSION

The Court **GRANTS** Defendant Alfa Laval's Motion to Dismiss (Dkt. 9) for lack of personal jurisdiction. The clerk is directed to terminate Defendant Alfa Laval from this case.

**DONE AND ORDERED** at Tampa, Florida, on December 23, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record