UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NORMAN ISRAEL,

    Plaintiff,

v.                                                          No: 8:20-cv-2133-02AAS

ALFA LAVAL, INC.;
VIAD CORP.; ET AL.,

    Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiff Norman Israel's Motion for Entry of Judgment under Rule 54(b). Dkt. 385. In the motion, Plaintiff requests that this Court certify its April 28, 2021, Order ("the April Order") granting Defendant Alfa Laval's and Defendant Viad Corp.'s motions to dismiss for lack of personal jurisdiction, Dkt. 353. After careful review of Plaintiff's motion and the applicable case law, the Court grants Plaintiff's Motion to Certify Pursuant to Rule 54(b).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is

no just reason for delay." Fed. R. Civ. P. 54(b); *Carringer v. Tessmer*, 253 F.3d 1322, 1323 (11th Cir. 2001). Unless the district court directs entry of a final judgment, an adjudication of fewer than all the claims of all the parties is not an appealable final decision. *In re Southeast Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995).

The U.S. Supreme Court has outlined a two-part analysis for determining whether a judgment should be certified under Rule 54(b). *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). First, the district court must determine that its final judgment is both "final" in that it is an ultimate disposition of an individual claim entered in the course of a multiple claim action, and a "judgment" in the sense that it is a decision upon a cognizable claim for relief. *Id*. at 7–8; *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007).

Second, having found that the decision was a final judgment, the district court must determine if there is any "just reason" to delay the appeal of individual final judgments. *See Curtiss–Wright Corp.*, 446 U.S. at 8. In evaluating whether any just reason to delay the appeal exists, the court must balance judicial administrative interests with relevant equitable concerns to ensure that the application of Rule 54(b) does not encourage piecemeal litigation. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165–66 (11th Cir. 1997). In considering

application of Rule 54(b), the court should also aim to alleviate any danger of hardship or injustice that might be associated with such a delay. *Id*. at 166. "In instances . . . when the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)." *Id*. at 167.

## DISCUSSION

### I.     The April Order is a Final Judgment.

As to the first step of the Rule 54(b) analysis, the Court finds that the April Order is a final judgment because it decided cognizable claims for relief and represents the ultimate disposition of all the claims against Defendants Alfa Laval and Viad Corp. *See Hinkle v. Cont'l Motors Inc.*, No. 8:16-cv-2966-T-36MAP, 2018 WL 10096593, at *2 (M.D. Fla. Jan. 8, 2018) (holding that dismissal for lack of personal jurisdiction constituted final judgment under Rule 54(b) analysis). The end of the April Order stated: "The clerk is directed to terminate these parties from the case. Alfa Laval and Viad are dismissed from this case, and Plaintiff will not be allowed to amend his complaint to add these defendants back." Dkt. 353 at 19. This is sufficiently final for the purposes of Rule 54(b). *See Lloyd Noland*, 483 F.3d at 779 ("We have interpreted the first prong of Rule 54(b) to require that a judgment 'disposes entirely of a separate claim or dismisses a party entirely' in order to be considered 'final'").

3

**II.      There Is No Reason to Delay Certifying the April Order.**

Where some, but not all, defendants are dismissed for lack of personal jurisdiction and the jurisdictional questions are independent of the merits of the underlying claims, courts have routinely found no just reason for delay of entering final judgment in favor of those dismissed defendants. *See Hinkle*, 2018 WL 10096593 at *2 (collecting cases); *see also United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1266 (11th Cir. 2009) (upholding district court's dismissal for lack of personal jurisdiction brought on appeal pursuant to Rule 54(b) certification). As one court observed, "[o]ne would be hard-pressed to find a decision in which a court denied Rule 54(b) certification after dismissing a party for lack of personal jurisdiction." *Animale Grp., Inc. v. Sunny's Perfume Inc.*, No. 13–cv–507–MA, 2007 WL 2010476, at *1 (S.D. Tex. July 5, 2007).

Here, the Court holds that the efficient administration of justice would be served by certifying the April Order under Rule 54(b). The claims for which final judgment is sought are completely separable from the claims remaining to be adjudicated. Even if subsequent appeals occur in this case, the Court of Appeals would have to assess whether there is personal jurisdiction over Alfa Laval and Viad only once. Finally, if the Court of Appeals were to reverse the April Order and add Defendants Alfa Laval and Viad back into the case, failure to certify the

April Order under Rule 56(b) could risk duplicative pretrial and trial proceedings. The Court therefore finds there is no just reason for delay.

## CONCLUSION

The Court **GRANTS** Plaintiff's Motion for Entry of Judgment under Rule 54(b), Dkt. 385. The clerk is directed to enter a judgment against Plaintiff and in favor of Defendants Alfa Laval and Viad Corp. pursuant to Federal Rule of Civil Procedure 54(b).

**DONE AND ORDERED** at Tampa, Florida, on July 30, 2021.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record